# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-323V
Filed: November 23, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JAMES J. ROY and MARY ANN BOGER, as Administrators and Legal Representatives of the Estate of PAUL E. ROY, | * * * * * | UNPUBLISHED |
| Petitioner, | * * | Decision on Joint Stipulation; Cellulitis; Influenza ("flu") Vaccine. |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Ramon Rodriguez III, Esq.*, Sands Anderson PC, Richmond, VA, for petitioner.
*Adriana Teitel, Esq.*, US Department of Justice, Washington, DC, for respondent.

**DECISION ON JOINT STIPULATION[1]**

**Roth**, Special Master:

On March 9, 2017, James J. Roy and Mary Ann Boger ["Mr. Roy and Ms. Boger" or "petitioners"] filed a petition on behalf of the estate of their father, Paul E. Roy, for compensation under the National Vaccine Injury Compensation Program.[2] Petitioners allege that he developed

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

cellulitis after receiving an influenza ("flu") vaccine on October 2, 2014, and that his death on March 9, 2015 was the sequela of his alleged vaccine-related injury. Stipulation, filed November 23, 2021, at ¶¶ 1-4. Respondent denies that the flu vaccine caused his alleged cellulitis, any other injury, or his death. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On November 23, 2021, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $50,000.00 in the form of a check payable to petitioners as administrators and legal representatives of the Estate of Paul E. Roy.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                **s/ Mindy Michaels Roth**
                                                Mindy Michaels Roth
                                                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JAMES J. ROY and MARY ANN BOGER, as administrators and legal representatives of Estate of Paul E. Roy,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-323V<br>Special Master Roth<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. James J. Roy and Mary Ann Boger ("petitioners"), as administrators and legal representatives of the Estate of Paul E. Roy ("Mr. Roy"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mr. Roy's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Roy received a flu vaccine and Pneumovax vaccine[1] on October 2, 2014.

3. The vaccines were administered within the United States.

4. Petitioners allege that as a result of receiving the flu vaccine, Mr. Roy suffered cellulitis. Mr. Roy passed away on March 9, 2015. Petitioners further allege that Mr. Roy's death was the sequela of his alleged vaccine-related injury.

---

[1] Pneumovax, a pneumococcal polysaccharide vaccine, is not contained in the vaccine injury Table.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Roy as a result of his alleged injury or his death.

6. Respondent denies that the flu vaccine caused Mr. Roy's alleged cellulitis, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$50,000.00** in the form of a check payable to petitioners as administrators and legal representatives of Estate of Paul E. Roy. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the Administrators and Legal Representatives of the Estate of Paul E. Roy under the laws of the State of Indiana. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as the Administrators and Legal Representatives of the Estate of Paul E. Roy. If petitioners are not authorized by a court of competent jurisdiction to serve as the Legal Representatives of the Estate of Paul E. Roy at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Legal Representative of the Estate of Paul E. Roy upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, petitioners, in their individual capacities, and as the Administrators and Legal Representatives of the Estate of Paul E. Roy, on behalf of the Estate and Mr. Roy's heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Roy resulting from, or

alleged to have resulted from, the flu or pneumococcal vaccinations administered on October 2, 2014, as identified by petitioners in their petition for vaccine compensation filed on March 9, 2017, in the United States Court of Federal Claims as petition No. 17-323V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccination caused Mr. Roy alleged cellulitis or any other injury or his death.

17. All rights and obligations of petitioners in their capacity as the Administrators and Legal Representatives of the Estate of Paul E. Roy shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

Respectfully submitted.

**PETITIONERS:**

_____
JAMES J. ROY

_____
MARY ANN BOGER

**ATTORNEY OF RECORD FOR PETITIONERS:**

_____
RAMON RODRIGUEZ, III, M.D.
Sands Anderson, PC
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, VA 23218-1998
Tel: (804) 783-7229
Email: rrodriguez@sandsanderson.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

Heather L Pearlman
by Alexes B Balzcok
HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Dale Mishler, DHSc, APRN, for
_____
TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Adriana Teitel
by Alexes B Balzcok
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3677
Email: adriana.teitel@usdoj.gov

Dated: 11/23/21