# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-323**
Filed: June 9, 2022

| * * * * * * * * * * * * * * | * | |
|---|---|---|
| JAMES J. ROY and MARY ANN BOGER, *as administrators and legal representatives of the Estate of Paul E. Roy*, | * | UNPUBLISHED |
| | * | Decision on Attorneys' Fees and Costs |
| Petitioners, | * | |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Ramon Rodriguez, III, Esq.*, Sands Anderson, P.C. Richmond, VA for petitioner.
*Lara Englund, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

**Roth**, Special Master:

On March 9, 2017, James J. Roy and Mary Ann Boger, as administrators and legal representatives of the Estate of Paul E. Roy, ("petitioners"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioners alleged that their father, Paul E. Roy, the decedent suffered from injuries sustained secondary to his receipt of the seasonal influenza and/or pneumococcal vaccines administered to him on October 2, 2014. Petitioners further alleged that Paul E. Roy continued to decline from said injuries resulting in his death on March 9, 2015. Petition ("Pet."), ECF No. 1. On November 23, 2021, the undersigned issued a

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Decision awarding compensation to petitioners based on the parties' stipulation. Decision, ECF No. 72.

On March 11, 2022, petitioners filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 77. Petitioners request attorneys' fees and costs as follows: $15,861.72 to Rawls Law Group ("RLG") ($14,453.35 for fees and $1,408.37 in costs) and $68,923.40 to Sands Anderson ("SA") ($51,929.70 for fees and $16,993.70 in costs), for a total amount of **$84,785.12**. *Id.* at 8-9.[3] In accordance with General Order No. 9, petitioners' counsel represents that petitioners did not incur out-of-pocket expenses. Pet. Ex. 33.

On March 25, 2022, respondent filed a response to petitioner's Motion for Fees. Response, ECF No. 79. Respondent provided no specific objection to the amount requested or hours worked, and "respectfully request[ed] that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3. Petitioners filed a Reply on March 29, 2022 repeating their request for a total of **$84,785.12**. Reply, ECF No. 80 at 3.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

[3] Petitioners' attorney represents that he began petitioners' representation in this matter as an attorney with the Rawls Law Group ("RLG") and subsequently changed firms, to Sands Anderson, PC ("SA"), four months into representing petitioners. Motion for Fees at 5, ECF No. 77.

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioners request the following hourly forum rates for their attorney, Mr. Rodriguez: $383 per hour for work performed in 2017, $394 per hour for work performed in 2018, $405 per hour for work performed in 2019, $422 per hour for work performed in 2020, $444 per hour for work performed in 2021, and $458 per hour for work performed in 2022. Petitioners request the following hourly rates for Mr. Rodriguez's paralegals: $145 per hour for work performed in 2017, $149 per hour for work performed in 2018, $151 per hour for work performed in 2019, $158 per hour for work performed in 2020, $166 per hour for work performed in 2021, and $177 per hour for work performed in 2022. The requested hourly forum rates are consistent with the rates previously found to be reasonable in cases involving petitioners' counsel and his staff. *See, e.g.*, *Moore v. Sec'y of Health & Human Servs.*, No. 16-856V, 2021 WL 3917020 (Fed. Cl. Spec. Mstr. July 26, 2021). Therefore, the undersigned finds the requested rates to be reasonable.

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing

---

[4] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule 2018, Attorneys' Forum Hourly Rate Fee Schedule 2019, Attorneys' Forum Hourly Rate Fee Schedule 2020*, http://www.uscfc.uscourts.gov/node/2914 (last visited June 6, 2022).

excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioners' application, the undersigned finds the number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioner is entitled to final attorneys' fees of $66,383.05

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $18,402.07 ($1,408.37 to RLG and $16,993.70 to SA) in attorneys' costs for acquisition of medical records, postage, and expert fees and costs.

I have reviewed all of the requested costs and find these costs reasonable and supported with adequate documentation. Accordingly, petitioner is entitled to the full amount of costs sought of $18,402.04.

## III. Total Award Summary

In accordance with the foregoing, petitioners' motion for attorneys' fees and costs is GRANTED. The undersigned **awards the total of $84,785.12**,[5] consisting of $15,861.72 to Rawls Law Group ($14,453.35 for fees and $1,408.37 in costs) and $68,923.40 to Sands Anderson ($51,929.70 for fees and $16,993.70 in costs).

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

A lump sum payment[6] for **$84,785.12** shall be made in the form of a check jointly payable to Petitioners and Ramon Rodriguez, III, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

[6] As counsel did not represent otherwise, petitioner's counsel is to distribute the attorneys' fees and costs appropriately and in accordance with his submissions to the respective law firms.
[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.